NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RAYMOND LLEWELLEN THOMAS, AKA Raymond L Thomas, AKA Thomas R Llwelleyn, AKA Llew Thomas, AKA Llew R Thomas, AKA Paul Kimock, AKA Llewelleyn R Thomas, AKA Llen R Thomas, AKA Thomas Llew, AKA Llew Lazarus,<br><br>Defendant - Appellant. | No. 24-7404<br><br>D.C. No. 2:22-cr-00013-PA-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 3, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Defendant Raymond Llewellen Thomas appeals the district court's imposition of one condition of supervised release following his conviction of failing to give notice of foreign travel as a registered sex offender, in violation of 18 U.S.C. § 2250(b). The challenged provision states, in relevant part: "The defendant shall not reside within 2,000 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18."[1] Because Defendant objected to that provision before the district court, we review for abuse of discretion the district court's decision to impose the condition. United States v. Rudd, 662 F.3d 1257, 1260 (9th Cir. 2011). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1. The district court did not commit procedural error. The court "consider[ed] the relevant statutory sentencing factors" set forth in 18 U.S.C. § 3583(d), United States v. Gnirke, 775 F.3d 1155, 1159 (9th Cir. 2015), and "articulate[d] a basis for imposing the condition, tailored to the nature and circumstances of [Defendant's] offense and his specific character and history,"

---

[1] In a prior appeal, we vacated this condition as procedurally unreasonable because the district court "did not provide any explanation for the particular distance of 2,000 feet," and we remanded for the district court to "provide the appropriate analysis and support" for the condition. United States v. Thomas, No. 22-50208, 2023 WL 8542683, at *2 (9th Cir. Dec. 11, 2023) (unpublished) (citation omitted). On remand, after briefing and a hearing, the district court reimposed the condition.

Rudd, 662 F.3d at 1263. The court recounted Defendant's prior convictions for child sex abuse and possession of child pornography, his sustained and intentional failures to register as a sex offender, and his use of an alias to run a summer camp known as the "Aloha Adventures Camp," where a camp counselor alleged that Defendant made sexually inappropriate remarks. The court then considered Defendant's instant violation, noting that Defendant corresponded with a registered sex offender to coordinate his travel to Panama, which "faces challenges with human trafficking including the exploitation of children." The court also noted that the registered sex offender provided Defendant "with driving directions to a location close to two schools." The court found that incident to reflect that Defendant "remains a danger to children." Finally, the court explained that the challenged provision would best serve the goals of deterrence, rehabilitation, and public safety because that provision would prevent Defendant from living in areas where children were likely to walk past his residence. The court's evaluation of Defendant's conduct and potential for recidivism was not "illogical, implausible, or without support in the record." United States v. Spangle, 626 F.3d 488, 497 (9th Cir. 2010). And Defendant's contention that the district court made similar findings in other cases does not demonstrate that the court's findings in this case were clearly erroneous, because the district court's findings rest on facts specific to Defendant.

The court permissibly considered Defendant's sex offenses that occurred between 1988 and 1990. See United States v. T.M., 330 F.3d 1235, 1240–41 (9th Cir. 2003) ("[M]ore recent relevant events may revive old offenses and justify the imposition of supervised release conditions related to sex offender status . . . ." (emphasis added)). The district court did not abuse its discretion by considering Defendant's failures to register and travel offense as part of a pattern of conduct that includes his prior sex offenses.

Finally, the court explained why a 2,000-foot restriction is appropriate in this case, noting, for instance, that most children who walk to school live within half a mile of their school. Cf. Rudd, 662 F.3d at 1262 (determining that the district court committed procedural error by failing to explain why it rejected a "direct view" restriction). And the court considered countervailing factors, such as Defendant's health issues and the burden that the restriction would place on him. See United States v. Trujillo, 713 F.3d 1003, 1010 (9th Cir. 2013) (stating that a district court's explanation must reflect that it "considered the parties' arguments" (citation omitted)).

2. The challenged restriction is substantively reasonable. The district court did not abuse its discretion by determining that the restriction is reasonably related to Defendant's crime and history and to the goals of "deterrence, protection of the public, and treatment of the offender." Gnirke, 775 F.3d at 1161; cf. United States

v. Daniels, 541 F.3d 915, 928 (9th Cir. 2008) (affirming, on plain error review, a direct-view residency restriction as "reasonably related to [the defendant's child pornography offense] and to the goals of rehabilitating [the defendant] and protecting the public from his potential sexual interest in children").

Nor did the district court abuse its discretion by determining that the restriction "involves no greater deprivation of liberty than is reasonably necessary . . . ." 18 U.S.C. § 3583(d)(2). Defendant's argument to the contrary relies on our suggestion in United States v. Collins, 684 F.3d 873 (9th Cir. 2012), that a lifetime 2,000-foot residency restriction might impose an excessive deprivation of liberty. Id. at 890, 892. But Defendant's supervised release lasts only five years and, unlike the defendant in Collins, who was convicted of possessing child pornography, Defendant has been convicted of child sex abuse. See id. at 879, 890; Rudd, 662 F.3d at 1261 (considering "the totality of the circumstances" to determine whether a restriction is substantively reasonable (citation omitted)).

Finally, the district court based its decision on sufficient evidence.[2] The court permissibly relied on its "experience and judgment" in evaluating

---

[2] Defendant waived any challenge to the district court's consideration of reports and statistics by raising it only in a footnote. See Est. of Saunders v. Comm'r, 745 F.3d 953, 962 n.8 (9th Cir. 2014) ("Arguments raised only in footnotes, or only on reply, are generally deemed waived.").

Defendant's history and characteristics.  United States v. Autery, 555 F.3d 864, 875 (9th Cir. 2009).[3]

**AFFIRMED.**

---

[3] Because we affirm the district court's imposition of the challenged condition, we reject Defendant's argument that this case should be reassigned to a different district judge.  See United States v. Wolf Child, 699 F.3d 1082, 1102–03 (9th Cir. 2012) (concluding that the test for reassignment was not met, even where the district court procedurally erred and imposed substantively unreasonable conditions).

24-7404